HERIBERTO CABRERA RAMÍREZ, Petitioner, *v.* GERARDO DELGADO, WARDEN, ETC., Respondent.

No. HC-63-4.      Decided June 11, 1963.

*Víctor Pons, Jr.,* counsel appointed by the Supreme Court to assist petitioner on appeal. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for respondent.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: We consider this case as a petition of habeas corpus since the petitioner stated in his verified petition that he was being illegally deprived of his liberty, under the custody of Gerardo Delgado, Warden of the State Penitentiary. We designated Mr. Víctor Pons, Jr., to render him legal aid and said attorney has served him satisfactorily.

From the record it is evident that petitioner and another person name Enrique Díaz Cosme, were charged with burglary in the first degree and as subsequent offense in the former District Court of the judicial district of Guayama, on January 14, 1949. The information alleged the previous conviction of petitioner Cabrera Ramírez for another offense of burglary in the first degree, by final judgment rendered January 24, 1940 also by the former District Court of Aguadilla and another previous one, for the same offense, according to judgment of July 24, 1945 rendered also by the former District Court of Mayagüez.

The trial was held by jury. It returned a verdict of guilty of burglary in the first degree. The trial judge declared him convicted of burglary in the first degree and as subsequent offense, and on April 12, 1949 he sentenced him to serve 18 to 30 years imprisonment at hard labor.

In his complementary petition before us, petitioner stated insofar as pertinent:

"3. Petitioner's commitment in jail by virtue of said sentence is illegal, because the criminal prosecution against him in the aforesaid cause is void and the sentence imposed on him in said cause being likewise void, all for the following reasons:

"(a) At the arraignment he was not advised that he had the right to plead guilty of the subsequent offense charged therein, nor was he asked specifically whether he pleaded guilty of the subsequent or whether he denied the charge.

"(b) General plea of not guilty was stated in the records of the court and the question of the subsequent offense was permitted to go to the jury without giving petitioner the opportunity of making any allegation on that point, all of which besides constituting a grave error of law, violates the due process of law warranted by the Constitutions of the United States and the Commonwealth of Puerto Rico.

"(c) Petitioner was sentenced for subsequent burglary in the first degree, when the verdict returned by the jury acquitted him of the subsequent offense and found him guilty only of burglary in the first degree.

"4. Petitioner, therefore, denies that the sentence that gives rise to this appeal is valid, and consequently denies that he is legally under the custody of Gerardo Delgado."

The petition before us was heard on the 6th of last May, with the appearance of the parties and their attorneys, who proceeded to introduce the evidence. Finally the petition was submitted for decision, having previously attached to the records of the original record of criminal cause No. 15,914 prosecuted in the District Court of Guayama, the transcript of the stenographic notes taken during the trial held in that criminal prosecution on April 6, 1949, and the transcript of the hearing held before us on May 6, 1963.

The Solicitor General argued in writing the grounds of his opposition to the petition. Petitioner submitted it on the merits of the evidence in the record.

In *People* v. *Aponte*, 83 P.R.R. 491, 497 (Blanco Lugo) (1961), we stated the rule to be followed in relation to the allegation of subsequent offenses in trials by jury. Thus we stated:

"The local rule is to the effect that when the defendant admits the plea of subsequent offense, such fact should not be submitted to the jury for consideration and that, in such event, the proper thing to do is to deliver to the jury copy of the information from which every allegation of the previous offense has been stricken out, *People* v. *Beltrán*, 73 P.R.R. 466, 475 (1952); *People* v. *González*, 80 P.R.R. 203, 205 (1958). If the fact is set forth in a document, the jury must be furnished with a copy in which it is not mentioned; if it appears in oral statement, they must be absolutely prohibited. *People* v. *Colón*, 81 P.R.R. 321, 325, 327 (1959). This is so because in a criminal prosecution the defendant may be tried only for the offense charged in the information, and, therefore, evidence of other offenses committed by him is not admissible except when the previous offense (a) is a material fact to establish the commission of the crime charged; (b) when it is a part of the *res gestae*; (c) it shows motive, intent, premeditation, malice, or a common plan; or (d) forms part of the same transaction, *People* v. *Archeval*, 74 P.R.R. 478, 482 (1953)."

As correctly stated by the Solicitor General, "there can hardly be another case in which a court may apply said rule as intelligently as was done in criminal prosecution attacked in the present petition." As proof of this and to rebut the errors assigned, it suffices to copy here from pages 7–11 of the stenographic record of the original proceeding as follows:

"Hon. Judge:
The Court reconvenes.

"Marshal:
The Court reconvenes.

"Hon. Judge: Let defendant be arraigned. Defendants, please stand up.

(Clerk reads the information, but does not read the fact referring to the subsequent offense.)

Just a moment, counsellor, please come here. (They speak so I cannot hear them.)

"Mr. Pomales:
Your Honor, then continue the arraignment.

"Hon. Judge:
You do not understand?

(Judge speaks again to the counsellor in such a way I cannot hear.)

"Mr. Pomales:
Your Honor, we ask the Court to order the jury to withdraw to allege a question of law.

"Hon. Judge:
Yes, of course. The jury may withdraw to the jury room because counsel for the defense is going to raise a question that the jury must not hear.

"Marshal:
Please. (The jury withdraws.)

"Hon. Judge:
This is a case of subsequent burglary in the first degree . . .

"Mr. Pomales:
Subsequent.

"Hon. Judge:

If the defendants admit that they committed those previous offenses for which it is said that that information is subsequent, if they admit it before the judge, the jury must not hear the reading of the information as to the subsequent offenses, not even hear that, because it is prejudicial to the defendants; if they admit it, that may influence the jury to find them guilty; if they do not admit it, then, the complete information may be read and the jury may hear it, but then the jury is the one to decide whether or not the subsequent offense has been proved, all that.

"Mr. Pomales:

Your Honor, in the conference I had with the accused, I expressly asked them as to the subsequent offenses alleged and they admitted them.

"Hon. Judge:

Then, read the information of the subsequent offense against the accused and the jury must not be informed. Moreover, if they admit that they committed those previous crimes the jury need not consider it nor hear about it, and the instructions given by the court, among others, is to find them guilty, if they are found guilty, of a crime of burglary in the first degree, not subsequent, burglary in the first degree, which is the case on trial. Since the rest has been admitted, the judge takes it into consideration in case the jury finds them guilty of burglary in the first degree, you see? Then the judge pronounces sentence in conformance with their acceptance of the subsequent offense, that is, of their previous offenses; but if they do not admit it and it is proved, then the jury can return a verdict of a subsequent burglary in the first degree, do you see the point? But if they do admit such subsequent offense, the jury must not hear about it because it is prejudicial to them.

"Mr. Pomales:

Your Honor, I expressly asked them as to the subsequent offenses, as alleged in the information, and they admitted them.

"Hon. Judge:

Then, read them.

(Clerk reads information as to the subsequent offenses, that is, the previous offenses.)

"Clerk:

The defendants, at the arraignment pleaded not guilty and requested trial by jury.

"Hon. Judge:

What is your name?—Heriberto Cabrera.

Heriberto Cabrera. And your name is Enrique Díaz Cosme? —Enrique Díaz Cosme.

What does counsel say now?

"Mr. Pomales:

As a matter of law, as alleged therein, defendants admit them, they admit the allegations of law concerning the subsequent offenses.

"Hon. Judge:

Heriberto Cabrera, as stated by your counsel, do you admit that you committed those previous crimes to which the clerk has referred?—Yes, sir.

"What do you say, you say yes?—Yes, sir.

And the other one, Díaz Cosme, Enrique?—Yes sir.

Do you also admit that you committed the crimes referred to in the information?—Yes, sir.

Having admitted it, that means that the jury, in considering the case, has nothing to do with the subsequent offenses.

"Hon. Prosecuting Attorney: The prosecuting attorney does not have to introduce evidence, either.

"Hon. Judge:

The prosecuting attorney does not have to introduce evidence, either. The prosecuting attorney will only have to introduce evidence as to the burglary in the first degree with which they are charged now. If the jury finds them not guilty, the judge does not take into consideration the other offenses because they are not being tried for previous offenses, but only for the offenses from which they are now on trial, and if it finds them guilty, then the Judge, for the purposes of the penalty, the minimum of which is ten years in the penitentiary, takes it into consideration, you see?

Bring in the jury. (The jury returns to the courtroom.)

Is it accepted that it is the same jury and that it is complete?

"Hon. Prosecuting Attorney:

Yes, Your Honor.

"Mr. Pomales:

It is accepted."

The stenographic record also shows that when one juror wanted to ask the codefendant Enrique Díaz Cosme: "How many times has the accused been charged with the same crime?" The judge said that that question could not be asked, that it was not pertinent.—Page 76.

After the verdict of guilty for the crime of burglary in the first degree was returned against the petitioner and codefendant therein, Heriberto Cabrera, the judge declared him convicted of such crime and in subsequent degree, according to what was alleged in the information.

Therefore, the judgment attacked is not vitiated by the defects alleged and the imprisonment of the petitioner is not illegal. The petition will be dismissed.